# Supreme Court — General Term — Second Department.

May 8, 1895.

## PEOPLE v. GEORGIANNA BISHOP.

(53 St. Rep. 60; 69 Hun, 105.)

Evidence—Confessions.

Where, upon conviction of the defendant of the crime of arson, upon proof of the burning of the building and her confessions, the evidence as to whether the confessions were voluntary is conflicting, the defendant testifying that they were induced by threats and those to whom they were made testifying that there were no threats used, it is to be presumed that the jury found the confessions to have been voluntarily made, and the verdict, under such circumstances, will not be disturbed.

Appeal from judgment of the court of sessions of Dutchess county, convicting defendant of the crime of arson in the second degree.

Frank H. Cassidy (J. Morschauser, of counsel), for appellant.

H. D. Hufcut, dist. att'y, for respondents.

DYKMAN, J.—This is an appeal from a judgment which convicts the defendant of the crime of arson in the second degree for setting fire to and destroying the barn of Sydney Smith in the town of Pine Plains, in Dutchess county.

It is stated in the points for the appellant that she is a young girl about fourteen years of age, and she is spoken of by the witness as a young girl.

The testimony to connect her with the crime consisted of her acknowledgments to several witnesses who testified that she

admitted that she set fire to the barn, and this appeal is based upon the insufficiency of such confessions and the impropriety of their admission in evidence.

The rule of law upon the subject has now become statutory, and is this: "A confession of a defendant, whether in the course of judicial proceedings or to a private person, can be given in evidence against him, unless made under the influence of fear produced by threats, or else made upon a stipulation of the district-attorney that he shall not be prosecuted therefor, but it is not sufficient to warrant his conviction without additional proof that the crime charged has been committed."

In this case the additional proof of the commission of the crime is abundant, and there is no claim that the district-attorney made any stipulation on the subject.

The only question is whether the confession of the defendant was made under the influence of fear produced by threats.

The defendant testified that the confession was made by reason of threats.

All the persons to whom the confessions were made testified that there were no threats employed.

The charge of the judge is not given in the case and we must, therefore, assume that it correctly stated to the jury the rules of law relating to confessions which should govern their deliberations.

Such being the case, and the jury having found the defendant guilty, we must further assume that the jury found the confessions to have been voluntarily made.

In this aspect of the case we cannot interfere with the conviction.

Voluntary confessions when fairly proven constitute evidence of a high character, and we find no evidence either of abuse of error.

The conviction should, therefore, be affirmed.

BARNARD, P. J., and PRATT, J., concur.